# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| DEXTER SAFFOLD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 08-cv-5032 |
| | ) | |
| VILLAGE OF SCHAUMBURG, et al. | ) | Judge Robert M. Dow, Jr., |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Dexter Saffold ("Plaintiff"), filed a six-count *pro se* complaint [64] against Defendants, the Village of Schaumburg ("the Village"), Schaumburg Police Officers Kurt Metzger ("Metzger") and Gregory Klebba ("Klebba"), the City of Chicago ("the City"), Chicago Police Officers Jonathan Martinez ("Martinez") and Badriyyah Fateen ("Fateen"), and Verizon Wireless employees Diane Wilson ("Wilson"), Peter Austin ("Austin"), and Lowell McAdam ("McAdam"), alleging violations of the Fourth and Fourteenth Amendments and state law, and seeking damages pursuant to 42 U.S.C. §§ 1983 and 1988.

The City, Martinez, and Fateen (collectively the "City Defendants") filed a motion to dismiss [61] pursuant to Federal Rule of Civil Procedure 12(b)(6), which is currently before the Court.[1]  For the reasons stated below, the City Defendants' motion to dismiss is granted in part and denied in part.

---

[1] The Court also has before it a motion for summary judgment [67] filed by other Defendants in this case – the Village of Schaumburg and two of its police officers, Defendants Metzger and Klebba.  Although Plaintiffs' claims against all Defendants arise out of the same incident, the City Defendants' decision to seek dismissal under Rule 12(b)(6) instead of summary judgment means that for purposes of resolving the City Defendants' motion, the Court assumes as true all well-pleaded allegations set forth in the complaint. See, *e.g.*, *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).  The Court also will consider facts presented in Plaintiff's response to Defendants' motion to dismiss [72] ("Pl. Resp.") to

## I.    Background

On November 6, 2006, Defendants Metzger, Klebba, Fateen, and Martinez arrived at Plaintiff's residence and identified themselves as police officers.  Cmplt. Count 1 at ¶ 5; *id.* Count 2 at ¶ 5; *id.* Count 3 at ¶ 5; *id*. Count 4 at ¶ 5.  Plaintiff answered the door and asked why the officers were there and whether they had a warrant.  *Id.* Count 1 at ¶ 6; *id.* Count 2 at ¶ 6; *id.* Count 3 at ¶ 6; *id*. Count 4 at ¶ 6.  The officers informed Plaintiff that they did not need a warrant because they had probable cause to arrest him and search his apartment.  *Id.*  Plaintiff maintains that one of the officers then slammed him up against the wall and handcuffed him.  *Id.* p. 3 at ¶ 2.  After searching Plaintiff's apartment for a Verizon Wireless cell phone, the officers transported Plaintiff to the Schaumburg Police Department, where he was held from approximately 7:00 p.m. on November 6th until approximately 12:30 or 12:45 a.m. on November 7th.  Cmplt. p. 3 at ¶¶ 3-4; *id.* Count 1 at ¶ 11; *id.* Count 2 at ¶ 9.

Plaintiff was arrested as a result of reports that the police had received from Defendants Wilson and Austin, both of whom are Verizon Wireless employees, about threatening phone calls that they received from an individual who identified himself as Dexter Saffold.  *Id.* Count 5 at ¶ 1; *id.* Count 6 at ¶ 1.  Wilson complained that a person identifying himself as Dexter Saffold had left a threatening message on her voicemail and informed the police that she had been told that the same person called earlier with a bomb threat.  *Id.* Count 5 at ¶ 1.  Similarly, Austin told

---

the extent those facts are consistent with the allegations in the complaint.  See *Thompson v. Ill. Dept. of Professional Regulations*, 300 F.3d 750, 753 (7th Cir. 2002) (for purposes of Rule 12(b)(6) motion, the pleadings "consist generally of the complaint, any exhibits attached to, and supporting briefs"); *Evans v. U.S. Postal Service*, 428 F. Supp. 2d 802, 805 (N.D. Ill. 2006) ("facts asserted in the memorandum filed in opposition to the motion to dismiss, but not contained in the complaint, are relevant to the extent that they could be proved consistent with the allegations") (quoting *Dausch v. Ryske*, 52 F.3d 1425, 1428 n. 3 (7th Cir. 1994)).  By contrast, the Village Defendants' motion for summary judgment will be resolved on the basis of the summary judgment record, including the uncontroverted material facts as set forth in the Village Defendants' Local Rule 56.1 statement.

police that a person named Dexter Saffold had made threatening calls, including a bomb threat. *Id.* Count 6 at ¶ 1.

On December 19, 2008, Plaintiff pled guilty to telephone harassment, the crime for which he was arrested on November 6, 2006. Pl. Resp. at ¶¶ 3, 12; *id.* at 6 (Motion To Withdraw Plea of Guilty And Vacate Judgment); *id.* at 7, ¶ 1 (Saffold Affidavit).[2] Plaintiff has advised the Court [see 77] that his motion to withdraw his plea was denied by the state trial court and that Plaintiff has appealed that ruling.

The claims against the City Defendants are set forth in Counts 3 and 4 of the complaint. Count 4 is directed against Defendant Martinez individually and as "as servant and/or employee and/or agent for the City of Chicago," and asserts a Section 1983 false arrest claim and state law claims for false arrest and false imprisonment. Count 3 asserts nearly identical claims against Defendant Fateen individually and as "as servant and/or employee and/or agent for the City of Chicago."[3] None of the counts are nominally directed against the City.

## II.    Legal Standard On Motion To Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that

---

[2] Because these facts – that Plaintiff pled guilty and was convicted of telephone harassment – are consistent with the allegations in the complaint, it is appropriate for the Court to consider them in ruling on the motion to dismiss. See *Evans*, 428 F. Supp. 2d at 805.

[3] While Count 4 asserts claims "for false arrest and false imprisonment under Illinois law," Count 3 alleges claims "for false arrest and false imprisonment under law." Counts 1 and 2, which are directed against Defendants Metzger and Klebba respectively and are virtually identical to Count 4, also assert claims "for false arrest and false imprisonment under Illinois law." In light of its "special responsibility * * * to view [Plaintiff's] *pro se* complaint with an understanding eye," the Court will construe Count 3 as alleging state law false arrest and false imprisonment claims. *Donald v. Cook County Sheriff's Dep't,* 95 F.3d 548, 555 (7th Cir. 1996).

the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005). While "[a] *pro se* complaint is held to 'less stringent standards than formal pleadings drafted by lawyers,' * * * a *pro se* complainant can plead himself out of court by pleading facts that undermine the allegations set forth in his complaint." *Henderson v. Sheahan*, 196 F.3d 839, 845-46 (7th Cir. 1999) (citation omitted). In ruling on a motion to dismiss, the Court may consider the complaint, the answer, and any written instruments attached to the complaint as exhibits. *See Beanstalk Group, Inc. v. AM Gen. Corp.*, 283 F.3d 856, 858 (7th Cir. 2002); *Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir. 1988).

## III. Analysis

### A. Section 1983 Claims Against Officers Martinez and Fateen

#### 1. *Heck v. Humphrey*

The City Defendants seek dismissal of Plaintiff's complaint on the grounds that his conviction for telephone harassment bars his Section 1983 claims for false arrest. In *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the Supreme Court held that a plaintiff who has been

convicted of a crime cannot maintain a Section 1983 claim where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[,] * * * unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." The *Heck* rule "is intended to prevent collateral attack on a criminal conviction through the vehicle of a civil suit." *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006).

As the Seventh Circuit has recognized, *Heck* does not bar all Section 1983 false arrest claims "because a wrongful arrest claim, like a number of other Fourth Amendment claims, does not inevitably undermine a conviction," and therefore "one can have a successful wrongful arrest claim and still have a perfectly valid conviction." *Booker v. Ward,* 94 F.3d 1052, 1056 (7th Cir. 1996); see also *Reynolds v. Jamison*, 488 F.3d 756, 767 (7th Cir. 2007) (holding that defendant's Section 1983 claim for false arrest was not *Heck*-barred despite his conviction for telephone harassment because "[w]hether Officer Darr had probable cause to arrest [defendant] has no bearing on the validity of his subsequent guilty plea and criminal conviction").

However, the Seventh Circuit has held that even where a claim is theoretically compatible with the underlying conviction – like Plaintiff's false arrest claims here – it may nevertheless be *Heck*-barred "if specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction." *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (citing *Okoro v. Callaghan,* 324 F.3d 488, 490 (7th Cir. 2003)). As the Seventh Circuit explained in *Okoro*, "[i]t is irrelevant that [plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." 324 F.3d at 490. In other words, a plaintiff can plead himself into a *Heck* bar by making allegations that *necessarily* imply the invalidity of his conviction. See *Gilbert v. Cook*, 512 F.3d 899, 902 (7th Cir. 2008); *Nelson v. Campbell,* 541

U.S. 637, 647 (2004) ("[W]e were careful in *Heck* to stress the importance of the term 'necessarily.'"). For example, in *Okoro*, the Seventh Circuit held that the plaintiff's Section 1983 suit, in which he sought the return of gems the police allegedly stole from him during a search of his residence that led to his conviction on drug charges, was *Heck*-barred because his complaint alleged that he was not selling drugs, an allegation that was inconsistent with the validity of his drug conviction. *Id.* To determine whether Plaintiff's claim is *Heck*-barred, this Court must ask, "not whether [Plaintiff] *could have* drafted a complaint that steers clear of *Heck* (he could have), but whether he did." *McCann*, 466 F.3d at 622.

Here, Plaintiff makes certain allegations that are not consistent with the validity of his conviction for telephone harassment. For example, he alleges that he was held "for crimes he did not commit." Cmplt. at Count 3, ¶ 7; see also *id.* at Count 4, ¶ 7 (same). In addition, the thrust of Plaintiff's response to the City Defendants' motion to dismiss is that his conviction is invalid. However, the majority of Plaintiff's complaint does not attack his underlying conviction. Given Plaintiff's *pro se* status, and that this litigation has not yet preceded beyond the pleading stage, the Court will follow the lead of other judges in this district and disregard these inconsistent allegations for the present *Heck* analysis. However, the Court cautions Plaintiff that if he continues to maintain that he is not guilty of telephone harassment in future filings or at trial, his claims may be subject to dismissal under *Heck* (unless the judgment on the guilty plea subsequently is vacated). See *Ruffin v. Kane County Sheriff Dept.*, 2006 WL 2088186, at *11-12 (N.D. Ill. July 21, 2006) (disregarding allegations in *pro se* plaintiff's § 1983 complaint that were inconsistent with plaintiff's underlying conviction and arguments advanced in his response to the motion to dismiss, which "[m]ore explicitly call[ed] into question the validity of [his] conviction," and warning plaintiff "that any future arguments or allegations that collaterally

attack his conviction may result in his civil suit being *Heck*-barred"); *Thompson v. Williams*, 2009 WL 1766774, at \*3 (N.D. Ill. June 22, 2009) (where, following conviction for resisting arrest, *pro se* plaintiff brought illegal search and seizure claims against arresting officers and alleged that he was falsely accused of resisting a peace officer, the court refused to dismiss the complaint as *Heck*-barred because the case was "still at the pleading stage, and [plaintiff was] proceeding pro se").

### 2. *Constitutionality of the Warrantless Arrest*

The City Defendants argue that dismissal also is warranted because the officers had probable cause to search Plaintiff's apartment. However, the City Defendants appear to misconstrue Plaintiff's false arrest claims, which are based on his warrantless arrest, not the warrantless search of his apartment.

The location of and circumstances surrounding Plaintiff's arrest are relevant to the question before the Court – namely, whether Plaintiff's warrantless arrest violated the Fourth Amendment. While "police officers may constitutionally arrest an individual in a public place (*e.g.*, outside) without a warrant, if they have probable cause[,] \* \* \* police officers may not constitutionally enter a home without a warrant to effectuate an arrest, absent consent or exigent circumstances, even if they have probable cause." *Sparing v. Village of Olympia Fields*, 266 F.3d 684, 688 (7th Cir. 2001); see also *People v. O'Hearn*, 931 P.2d 1168, 1173 (Colo. 1997) ("In the absence of probable cause and exigent circumstances, warrantless entry into a home is proscribed.") (cited by Plaintiff in response to the City Defendants' motion to dismiss).

The Seventh Circuit has observed that "exactly where outside ends and where the home begins" – and thus the point at which the existence of probable cause alone is not sufficient to effect a warrantless arrest – "is not a point immediately obvious." *Id.* at 689. For example, in

*U.S. v. Santana*, 427 U.S. 38, 42 (1976), the Supreme Court held that a person standing in the open doorway of her home was in a public place, and not inside the home, for purposes of the Fourth Amendment, such that only probable cause was required for her warrantless arrest to be constitutional. In *U.S. v. Berkowitz*, 927 F.2d 1376, 1387 (7th Cir. 1991), the Seventh Circuit, applying *Santana*, held that where "the police assert from outside the home their authority to arrest a person * * * [and] the person recognizes and submits to that authority," there is no Fourth Amendment violation. The Seventh Circuit has since clarified that *Berkowitz* does not stand for the proposition that a person "surrender[s] reasonable expectations of privacy in the home by simply answering a knock at the door." *Sparing*, 266 F.3d at 690. Nor did it "overturn longstanding Fourth Amendment precedent that absent exigent circumstances, police without a warrant must obtain an individual's valid and voluntary consent before entering the home to effectuate or complete an arrest." *Id.* Rather, "*Berkowitz* only endorsed as reasonable under the Fourth Amendment, a slight entry into the home to complete an arrest announced outside the home when the individual acquiesced to the entry while standing fractions of an inch behind the threshold of her home with the door open." *Id.* (holding that officer's unconsented-to entry to make warrantless arrest violated Fourth Amendment where arrestee stood inside home, behind closed screen door, to speak to police officer).

It is unclear from the pleadings where exactly Plaintiff was when he was arrested (*i.e.*, whether he was standing in the open doorway as in *Santana*, or behind a closed screen door, as in *Sparing*), or whether he "acquiesced to the entry." *Id.* In view of its obligation to draw all reasonable inferences in Plaintiff's favor at this stage of the case, the Court must assume that Plaintiff was arrested inside his home and did not consent to the officers' entry.[4]

---

[4] Defendants, of course, are free to renew their arguments based on a fuller record in a motion for summary judgment.

Absent consent, "[o]nly 'exigent circumstances' – few in number and carefully delineated – will justify a warrantless entry into a home for the purpose of making an arrest or effecting a search." *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1243-44 (7th Cir. 1994) (citations omitted). Therefore, the relevant inquiry is whether the exigent circumstances exception to the arrest warrant requirement applies here. "Exigent circumstances exist when there is a compelling need for official action and no time to secure a warrant." *Mason v. Godinez*, 47 F.3d 852, 856 (7th Cir. 1995); see also *U.S. v. Lenoir*, 318 F.3d 725, 730 (7th Cir. 2003) ("warrantless searches will be allowed when police have a reasonable belief that exigent circumstances require immediate action and there is no time to secure a warrant"). "The Supreme Court has characterized the following situations as exigent circumstances: hot pursuit of a fleeing felon; to prevent the imminent destruction of evidence; to prevent a suspect's escape; or to address the risk of danger to the police or to other persons inside or outside the dwelling." *Lenoir*, 318 F.3d at 730 (citing *Minnesota v. Olson,* 495 U.S. 91, 100 (1990)). "The question as to whether exigent circumstances exist is viewed through the eyes of a reasonable police officer." *U.S. v. Bell*, 500 F.3d 609, 613 (7th Cir. 2007).

The City Defendants did not raise the issue of exigent circumstances in their motion to dismiss or opening brief. However, perhaps in response to Plaintiff's citation to *People v. O'Hearn*, 931 P.2d 1168 (Colo. 1997), the City Defendants argue in their reply brief that exigent circumstances existed for two reasons: (1) the need to prevent the imminent destruction of evidence and (2) the officers' belief that others in the apartment building were in danger because Plaintiff might have had a bomb. However, because the Court is confined to the facts alleged in Plaintiff's complaint, there is no basis from which the Court can conclude that exigent circumstances justified the warrantless arrest in Plaintiff's home. Therefore, the Court denies the

City Defendants' motion to dismiss the Section 1983 false arrest claims against Defendants Martinez and Fateen.[5]

## B.     Section 1983 Claim Against The City

Plaintiff names the City as a defendant in the case caption, and the complaint describes the case as one against "the Village of Schaumburg, Illinois[,] * * * Officer Kurt Metzger[,] * * * Officer Klebba[,] * * * City of Chicago, Illinois[,] * * * Officer Badriyyahi Fateen[,] * * * Officer Jonathan Martinez[,] * * * Diane Wilson, [and] Peter Austin."  However, as noted above, none of the Counts in Plaintiff's complaint are directed against the City.  Because Plaintiff is proceeding *pro se*, this Court must construe his complaint liberally and subject it to less stringent scrutiny than complaints drafted by counsel.  *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997).  In light of this "special responsibility * * * to view the *pro se* complaint with an understanding eye," the Court will construe the complaint as asserting a Section 1983 and state law claims against the City based on the conduct of officers Martinez and Fateen. *Donald v. Cook County Sheriff's Dep't,* 95 F.3d 548, 555 (7th Cir. 1996).

The City Defendants argue that the Section 1983 against the City merits dismissal under both *Heck* and *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978).  The Court declines to find that Plaintiff's claim is *Heck*-barred for the reasons discussed with respect to the Section 1983 against Defendants Fateen and Martinez.  *Monell* provides that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." 436 U.S. at 691.  Rather, "[a] municipality only may be held liable under § 1983 for constitutional violations caused by the municipality itself through its own policy or custom." *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007).  The "official policy" requirement for liability under Section 1983 is meant to "distinguish acts of

---

[5] Again, the City Defendants may revisit this issue in a motion for summary judgment if the evidence adduced at that stage of the case warrants such an argument.

the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479 (1986). "Misbehaving employees are responsible for their own conduct[;] 'units of local government are responsible only for their policies rather than misconduct by their workers.'" *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007) (quoting *Fairley v. Fermaint*, 482 F.3d 897, 904 (7th Cir. 2007)).  To state a Section 1983 claim against a municipality, a plaintiff must "allege that (1) the City had an express policy that, when enforced, causes a constitutional deprivation; (2) the City had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage within the force of law; or (3) plaintiff's constitutional injury was caused by a person with final policymaking authority." *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000).

Here, Plaintiff alleges that Officers Fateen and Martinez acted "under the * * * regulation policy customs and usages of the City of Chicago."  Cmplt. Count 3 at ¶ 3; Count 4 at ¶ 3. However, Plaintiff has not identified any particular policy, custom, or usage of the City.

While there is no heightened pleading standard in civil rights cases alleging Section 1983 municipal liability, to survive a motion to dismiss, the plaintiff must plead sufficient allegations "to allow the court and the defendant to understand the gravamen of plaintiff's complaint." *McCormick*, 230 F.3d at 323-24.  In other words, the complaint must put the defendant on notice of the crux of the Plaintiff's claims. *Id.* at 325.  And while the Court is mindful that "complaints written by *pro se* litigants are examined under a less arduous standard," it is equally true that a *pro se* plaintiff's "unsupported conclusions of fact and conclusions of law will not defeat an

otherwise meritorious motion to dismiss." *Young v. Breeding*, 929 F. Supp. 1103, 1106 (N.D. Ill. 1996).

Plaintiff's conclusory allegation that the individual officers acted pursuant to an official City policy is not sufficient to put the City on notice of the nature of the claim. See *Furstenau v. City of Naperville*, 2008 WL 5412872, at *4 (N.D. Ill. Dec. 23, 2008) (granting motion to dismiss Section 1983 claims against the City where Plaintiff alleged only that some unidentified City policy existed, reasoning that Plaintiff failed to put the City on notice of the policy it invoked when it violated his constitutional rights). Therefore, the motion to dismiss is granted as to the Section 1983 claim against the City.

## C.     Plaintiff's State Law Claims

Plaintiff asserts state law claims of false arrest and false imprisonment against the City Defendants. Cmplt., Count 3 at ¶ 1; *id.*, Count 4 at ¶ 1. The City Defendants argue that these claims are barred by the one-year statute of limitations set forth in the Illinois Local Government Tort Immunity Act, 745 ILCS 10/8-101. While complaints are not required to anticipate affirmative defenses, and thus dismissal under Rule 12(b)(6) on statute of limitations grounds is considered "irregular," *United States v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004), dismissal is appropriate where a plaintiff pleads itself out of court by establishing that a defendant is entitled to a statute of limitations defense. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (motion to dismiss appropriate where "complaint plainly reveals that an action is untimely under the governing statute of limitations"). Therefore, the Court must consider whether Plaintiff has pled himself "out of court by alleging (and thus admitting) the ingredients of a [statute of limitations] defense." *U.S. Gypsum Co. v. Ind. Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003).

Section 8-101 of the Illinois Local Government Tort Immunity Act provides:

> No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that injury was received or the cause of action accrued.

745 ILCS 10/8-101. Courts have applied the Tort Immunity Act's limitations period to state law false arrest and false imprisonment claims. See *Luciano v. Waubonsee Community College*, 245 Ill. App. 3d 1077, 1086 (Ill. Ct. App. 2d Dist.1993) (applying one-year statute of limitations contained in Tort Immunity Act to false arrest and false imprisonment claims); *Pierce v. Pawelski*, 2000 WL 1847778, at *2 (N.D. Ill. Dec. 14, 2000) (same).

The state law claims accrued when Plaintiff was arrested, on November 6, 2006. See *Pierce*, 2000 WL 1847778, at *2 (plaintiff's false arrest and imprisonment claims accrued when he was arrested and imprisoned). Plaintiff filed his original complaint on September 3, 2008, well over a year after his claims accrued. Therefore, Plaintiff's state law claims are dismissed as time-barred.

## IV.    Conclusion

For the foregoing reasons, the Court grants in part and denies in part the City's motion to dismiss [61], denying the motion as to the Section 1983 claims against Defendants Fateen and Martinez, and granting the motion as to the Section 1983 claim against the City and the state law claims against all City Defendants.

Dated: August 24, 2009          _____

Robert M. Dow, Jr.
United States District Judge