# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DEXTER SAFFOLD, ) ) Plaintiff, ) ) v. ) ) VILLAGE OF SCHAUMBURG, et al. ) ) Defendants. ) | Case No.: 08-cv-5032 Judge Robert M. Dow, Jr., |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Dexter Saffold ("Plaintiff"), filed a six-count *pro se* complaint [64] against Defendants, the Village of Schaumburg ("the Village"), Schaumburg Police Officer Kurt Metzger ("Metzger"), Schaumburg Police Officer Gregory Klebba ("Klebba"), the City of Chicago ("the City"), Chicago Police Officer Jonathan Martinez ("Martinez"), Chicago Police Officer Badriyyah Fateen ("Fateen"), and Verizon Wireless of employees Diane Wilson ("Wilson"), Peter Austin ("Austin"), Lowell McAdam ("McAdam") alleging violations of the Fourth and Fourteenth Amendments and state law, and seeking damages pursuant to 42 U.S.C. §§ 1983 and 1988.

Currently before the Court is Defendants Martinez and Fateen's ("the Defendant Officers") motion for summary judgment [87]. For the reasons stated below, the motion is granted.

## I. Background

### A. Procedural Background

On January 13, 2009, the City, Martinez, and Fateen (collectively the "City Defendants") filed a motion to dismiss [61] the claims against them, which are set forth in Counts 3 and 4 of

the complaint. Count 4 is directed against Defendant Martinez individually and as "as servant and/or employee and/or agent for the City of Chicago," and asserts a Section 1983 false arrest claim and state law claims for false arrest and false imprisonment. Count 3 asserts nearly identical claims against Defendant Fateen individually and as "as servant and/or employee and/or agent for the City of Chicago." While none of the counts are nominally directed against the City, Plaintiff names the City as a Defendant in the case caption, and the complaint describes the case as one against "the Village of Schaumburg, Illinois[,] * * * Officer Kurt Metzger[,] * * * Officer Klebba[,] * * * City of Chicago, Illinois[,] * * * Officer Badriyyahi Fateen[,] * * * Officer Jonathan Martinez[,] * * * Diane Wilson, [and] Peter Austin." In view of its "special responsibility * * * to view the *pro se* complaint with an understanding eye," the Court construed the complaint as asserting a Section 1983 and state law claims against the City based on the conduct of officers Martinez and Fateen. *Donald v. Cook County Sheriff's Dep't,* 95 F.3d 548, 555 (7th Cir. 1996).

In an order [79] dated August 24, 2009, this Court granted the City Defendants' motion to dismiss as to the Section 1983 claims against the City and the state law claims against all the City Defendants. However, the Court denied the motion as to the Section 1983 false arrest claims against the Defendant Officers.

### B. Factual Background

On motions for summary judgment, the Court takes the relevant facts primarily from the parties' Local Rule ("L.R.") 56.1 statements.[1] Here, the Defendant Officers filed a Local Rule

---

[1] L.R. 56.1 requires that statements of facts contain allegations of material fact and that factual allegations be supported by admissible record evidence. See L.R. 56.1; *Malec v. Sanford,* 191 F.R.D. 581, 583-85 (N.D. Ill. 2000). The Seventh Circuit repeatedly has confirmed that a district court has broad discretion to require strict compliance with L.R. 56.1. See*, e.g., Koszola v. Bd. of Educ. of the City of Chicago,* 385 F.3d 1104, 1109 (7th Cir. 2004); *Curran v. Kwon,* 153 F.3d 481, 486 (7th Cir. 1998) (citing *Midwest Imports, Ltd. v. Coval,* 71 F.3d 1311, 1317 (7th Cir. 1995) (collecting cases)). Where a party has offered

2

56.1(a)(3) statement of material facts ("Def. SOF") [89] with their motion for summary judgment. The Defendant Officers also served on Plaintiff and filed the Notice to Pro Se Litigant Opposing Motion for Summary Judgment [90], as required by Local Rule 56.2. Plaintiff failed to submit responses to Defendants' statement of facts as required by L.R. 56.1(b)(3).[2]

Pursuant to Local Rule 56.1, facts included in a party's Local Rule 56.1 statement that are not properly denied by the opposing party are deemed to be admitted. L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); *Cracco v. Vitran Exp., Inc.,* 559 F.3d 625, 632 (7th Cir. 2009) (district court has discretion to require strict compliance with L.R. 56.1). Even *pro se* litigants are required to follow the Federal Rules of Civil Procedure and the Local Rules; therefore, Plaintiff is not excused from complying with L.R. 56.1(b)(3). See *Pearle Vision, Inc. v. Romm,* 541 F.3d 751, 758 (7th Cir. 2008) ("pro se litigants are not excused from compliance with procedural rules"); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) (stating that "the Supreme Court has made clear that even *pro se* litigants must follow rules of

---

a legal conclusion or a statement of fact without offering proper evidentiary support, the Court will not consider that statement. See, *e.g., Malec,* 191 F.R.D. at 583. Additionally, where a party improperly denies a statement of fact by failing to provide adequate or proper record support for the denial, the Court deems that statement of fact to be admitted. See L.R. 56.1(a), 56.1(b)(3)(B); see also *Malec,* 191 F.R.D. at 584. The requirements for a response under Local Rule 56.1 are "not satisfied by evasive denials that do not fairly meet the substance of the material facts asserted." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 528 (7th Cir. 2000). In addition, the Court disregards any additional statements of fact contained in a party's response brief but not in its L.R. 56.1(b)(3)(B) statement of additional facts. See, *e.g.*, *Malec*, 191 F.R.D. at 584 (citing *Midwest Imports*, 71 F.3d at 1317). Similarly, the Court disregards a denial that, although supported by admissible record evidence, does more than negate its opponent's fact statement – that is, it is improper for a party to smuggle new facts into its response to a party's L.R. 56.1 statement of fact. See, *e.g.*, *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 643 (7th Cir. 2008).

[2] Plaintiff filed a document entitled "Plaintiff's Briefs" [111], which contains three statements of fact regarding the City of Chicago. Out of an abundance of caution, the Defendant Officers have treated this document as a response to their Rule 56.1 statement [113]. The document does not appear to be a response to the Defendant Officers' Rule 56.1 statement. Even if the Court were to construe it as such, the Court nevertheless would not consider the statements because Plaintiff points to no supporting record evidence.

3

civil procedure"); *Walridge v. Am. Hoechst Corp.*, 24 F.3d 918, 924 (7th Cir. 1994) (failure to comply with L.R. 56.1 is "not a harmless technicality"). Because Plaintiff failed to deny Defendants' statement of facts – despite repeated reminders from the Court of the obligation to do so [71, 76, 99, 110] – the Court deems admitted all of Defendants' factual allegations that are properly supported by admissible record evidence. See *Malec v. Sanford,* 191 F.R.D. 581, 583 (N.D. Ill. 2000) ("Factual allegations not properly supported by citation to the record are nullities."); *Cady*, 467 F.3d at 1061 (finding that a district court did not abuse its discretion by adopting the version of events in defendants' L.R. 56.1 statement where the *pro se* plaintiff failed to respond to those facts despite the opportunity to do so); *McIntosh v. Illinois Dept. of Employment Sec*., 2007 WL 1958577, at *5 (N.D. Ill. July 2, 2007) (deeming all facts in defendant's Rule 56.1 statement admitted where *pro se* plaintiff failed to respond to defendant's statement); *Othon v. LG Electronics USA, Inc*., 2009 WL 1748243, at *2 (N.D. Ill. June 18, 2009) (where *pro se* plaintiff failed to comply with Local Rule 56.1, deeming "the properly supported facts contained in [defendant's] Local Rule 56.1 statement of facts * * * to be admitted"). Therefore, the factual background set forth below is based on the Defendant Officers' Rule 56.1 statement.

Defendants Martinez and Fateen are employed as police officers with the City of Chicago Police Department. Def. SOF ¶ 2. At approximately 5:00 p.m. on November 6, 2006, while on routine patrol, Officers Martinez and Fateen received a message to come back to the Fourth District police station to assist two Schaumburg Police Detectives who were trying to apprehend a suspect within the Chicago city limits. Def. SOF ¶ 3. The Defendant Officers met with Detectives Klebba and Metzger of the Schaumburg Police Department, who informed them that they were investigating Dexter Saffold for allegedly making multiple threatening calls, including

4

a bomb threat, to Verizon Wireless. Def. SOF ¶ 4. Metzger briefed Officers Martinez and Fateen on his investigation, during which Metzger reviewed multiple Schaumburg Police reports detailing the threats made by an individual who identified himself as Dexter Saffold. Def. SOF ¶ 5; Metzger Aff ¶ 11. As part of his investigation, Metzger also spoke with Verizon Wireless employee Diane Wilson, who received a threatening voice message from an individual who identified himself as Dexter Saffold, and listened to an audio recording of the threatening calls provided by Wilson. Def. SOF ¶ 6.

The Defendant Officers escorted Metzger and Klebba to Plaintiff's residence at 7947 S. Marquette Ave. Def. SOF at ¶ 7. Metzger knocked on the door and identified himself as a police officer. Def. SOF at ¶ 8. A male voice responded, asking what they wanted and whether they had a warrant. Def. SOF at ¶ 8. Metzger stated that they did not need a warrant because they had probable cause to arrest him. Def. SOF at ¶ 8. Plaintiff then opened the door and, at the threshold, complied with the officers verbal commands to place his hands behind his back. Def. SOF at ¶ 9.[3] A protective pat down and a custodial search, of Plaintiff's person, were then performed. Def. SOF at ¶ 9. Metzger advised Plaintiff that he was under arrest, and was going to be transported to the Schaumburg Police Department. Def. SOF at ¶ 10. Plaintiff indicated that he suffered from numerous medical conditions and he needed his medication. Def. SOF at ¶ 11. At Plaintiff's direction, the officers collected various medication and clothing that Plaintiff wished to take with him. Def. SOF at ¶ 11. No search of Plaintiff's apartment was conducted. Def. SOF at ¶ 12.

---

[3] The Court notes that in his complaint, Plaintiff alleges that one of the officers slammed him up against the wall and handcuffed him, Cmplt. at p. 3, ¶ 2. That allegation is not inconsistent with the Defendant Officers' version of the events, and Plaintiff's complaint does not include a claim for excessive force in any event.

5

Officers Martinez and Fateen followed Detectives Metzger and Klebba as they escorted Plaintiff to their car. Def. SOF at ¶ 13. Once Plaintiff was placed in the car, Officers Martinez and Fateen left the scene and continued their normal patrol. Def. SOF at ¶ 13. Detectives Metzger and Klebba transported Plaintiff to the Schaumburg Police department. Def. SOF at ¶ 14. Plaintiff was charged with two counts of harassment by telephone, to which he pled guilty on December 19, 2008. Def. SOF at ¶¶ 15-16.

## II. Legal Standard on Summary Judgment

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether there is a genuine issue of fact, the Court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004).

To avoid summary judgment, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 586 (1986). In other words, the "mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

**III.     Analysis**

In Counts III and IV, Plaintiff alleges that he was arrested without probable cause by Officers Fateen and Martinez, respectively, in violation of his Fourth Amendment rights. The Defendant Officers argue that they are entitled to summary judgment because they had probable cause to arrest Plaintiff which, they argue, forecloses Plaintiff's Section 1983 claims for false arrest.

Probable cause alone is not always sufficient to justify a warrantless arrest. While "police officers may constitutionally arrest an individual in a public place (*e.g.*, outside) without a warrant, if they have probable cause[,] * * * police officers may not constitutionally enter a home without a warrant to effectuate an arrest, absent consent or exigent circumstances, even if they have probable cause." *Sparing v. Village of Olympia Fields*, 266 F.3d 684, 688 (7th Cir. 2001). The Seventh Circuit has observed that "exactly where outside ends and where the home begins" – and thus the point at which the existence of probable cause alone is not sufficient to effect a warrantless arrest – "is not a point immediately obvious." *Id.* at 689. For example, in *U.S. v. Santana*, 427 U.S. 38, 42 (1976), the Supreme Court held that a person standing in the open doorway of her home was in a public place, and not inside the home, for purposes of the Fourth Amendment, such that only probable cause was required for her warrantless arrest to be constitutional. In *U.S. v. Berkowitz*, 927 F.2d 1376, 1387 (7th Cir. 1991), the Seventh Circuit, applying *Santana*, held that where "the police assert from outside the home their authority to arrest a person * * * [and] the person recognizes and submits to that authority," there is no

7

Fourth Amendment violation. The Seventh Circuit has since clarified that *Berkowitz* does not stand for the proposition that a person "surrender[s] reasonable expectations of privacy in the home by simply answering a knock at the door." *Sparing*, 266 F.3d at 690. Nor did it "overturn longstanding Fourth Amendment precedent that absent exigent circumstances, police without a warrant must obtain an individual's valid and voluntary consent before entering the home to effectuate or complete an arrest." *Id.* Rather, "*Berkowitz* only endorsed as reasonable under the Fourth Amendment, a slight entry into the home to complete an arrest announced outside the home when the individual acquiesced to the entry while standing fractions of an inch behind the threshold of her home with the door open." *Id.* (holding that officer's unconsented-to entry to make warrantless arrest violated Fourth Amendment where arrestee stood inside home, behind closed screen door, to speak to police officer).

Here, Plaintiff was arrested at the threshold of his home. Def. SOF at ¶ 9. *Berkowitz* and *Sparing* teach that, under these circumstances, the Fourth Amendment requires both (1) probable cause to arrest Plaintiff *and* (2) either Plaintiff' consent to the arrest or the existence of exigent circumstances. See *Collier v. Baker*, 1999 WL 543206, at *3 (N.D. Ill. July 23, 1999) (noting that in the context of a warrantless arrest in the home, lack of probable cause and lack consent or exigent circumstances constitute independent Fourth Amendment violations). The Court will address each of these requirements in turn.

"The police have probable cause to arrest an individual when 'the facts and circumstances within their knowledge and of which they [have] reasonably trustworthy information [are] sufficient to warrant a prudent [person] in believing that the [suspect] had committed or was committing an offense.'" *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1246 (7th Cir. 1994) (quoting *Maxwell v. City of Indianapolis,* 998 F.2d 431, 433 (7th Cir.1993)). Both the

8

Supreme Court and the Seventh Circuit consistently have advised that the rule of probable cause is a "'practical, nontechnical conception' that affords the best compromise between the interests of individual liberty and effective law enforcement." *U.S. v. Mounts*, 248 F.3d 712, 715 (7th Cir. 2001) (quoting *Illinois v. Gates*, 462 U.S. 213, 231 (1983)); see also *Brinegar v. U.S.*, 338 U.S. 160, 175 (1949) (noting that the probable cause determination involves "probabilities," which "are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act"). Therefore, probable cause "does not require evidence sufficient to support a conviction, nor even evidence demonstrating that it is more likely than not that the suspect committed a crime." *U.S. v. Sawyer*, 224 F.3d 675, 679 (7th Cir. 2000). As long as "the totality of the circumstances" demonstrate "a probability or substantial chance of criminal activity on the suspect's part, probable cause exists." *Id.*; see also *Woods v. City of Chicago*, 234 F.3d 979, 996 (7th Cir. 2000) (citations omitted) (explaining that probable cause "requires more than bare suspicion" but "less than 'probability,'" and does not require "a showing that the officer's belief is more likely true than false") (citations omitted).

In determining whether probable cause existed at the time of an arrest, "the court steps into the shoes of a reasonable person in the position of the officer" and considers the facts, not "'as an omniscient observer would perceive them,' but rather 'as they would have appeared to a reasonable person in the position of the arresting officer.'" *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008) (internal citations omitted). The proper inquiry is objective; thus, "an arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause." *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004).

In a damages suit such as this, it is not always appropriate for the court to resolve the question of probable cause on summary judgment, as the probable cause determination "typically

9

falls within the province of the jury." *Sheik-Abdi*, 37 F.3d at 1246. However, "a conclusion that probable cause existed as a matter of law is appropriate when there is no room for a difference of opinion concerning the facts or the reasonable inferences to be drawn from them." *Id.*; see also *Maxwell*, 998 F.2d at 434 ("[i]f the underlying facts supporting the probable cause determination are not in dispute, the court can decide whether probable cause exists").

The Court concludes that, when the undisputed facts are considered in the light most favorable to Plaintiff, there can be no difference of opinion here – the Defendant Officers had probable cause to arrest Plaintiff. Detective Metzger briefed the Defendant Officers regarding his investigation, during which he had (i) reviewed police reports concerning harassing phone calls received by Verizon Wireless employees from a person identifying himself as Dexter Saffold, (ii) interviewed one of the Verizon employees personally, and (iii) listened to an audio recording of one of the threatening calls.

Under Illinois law, the offense of telephone harassment is committed when a person makes a telephone call with intent to abuse, threaten or harass any person at the called number. 720 ILCS 135/1-1(2). Here, the Defendant Officers were informed that a person named Dexter Saffold had made threatening phone calls to Verizon Wireless. The Defendant Officers received this information from another police officer – Detective Metzger – who had reviewed police reports, conducted an interview, and listened to an audio recording of one of the threatening calls. The Court concludes that a prudent officer would have believed that probable cause existed to arrest Plaintiff for telephone harassment. Plaintiff's response fails to demonstrate that a genuine issue of material fact exists as to whether the officers had probable cause to arrest him.

As noted above, the existence of probable cause is not sufficient to justify the warrantless arrest of Plaintiff in his home; the Fourth Amendment also requires either consent or exigent

circumstances. Here, Plaintiff was arrested after complying with the officers' verbal commands to place his hands behind his back. Def. SOF at ¶ 9. Under *Berkowitz*, because Plaintiff "recognize[d] and submit[ted] to [the officers'] authority," the Defendant Officers did not violate Plaintiff's Fourth Amendment rights and are entitled to summary judgment on Plaintiffs Section 1983 claims. 927 F.2d at 1387.

The Defendant Officers also argue that they did not conduct an illegal search of Plaintiff's home. While Plaintiff states in his response brief that the Chicago Police entered his apartment without a search warrant, his complaint does not state an unlawful search claim. Even if Plaintiff's complaint were construed as asserting such a claim, the Defendant Officers are entitled to summary judgment pursuant to the search incident to arrest exception to the Fourth Amendment's prohibition on warrantless searches of a person's home. "Under this exception, police officers may, incident to arrest, conduct a plenary search of the arrestee's person and the area within his immediate control, that is, 'the area from within which he might gain possession of a weapon or destructible evidence.'" *Peals v. Terra Haute Police Department*, 535 F 3.d 621, 627 (7th Cir. 2008) (citation omitted). Here, the undisputed facts indicate that the Defendant Officers merely conducted a protective pat down and a custodial search of Plaintiff's person, and, at Plaintiff's direction, collected various medication and clothing that Plaintiff wished to take with him.

**IV.     Conclusion**

For the foregoing reasons, the Defendant Officers' motion for summary judgment is granted.

Dated:  April 30, 2010

Robert M. Dow, Jr.
United States District Judge