# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DEXTER SAFFOLD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 08-cv-5032 |
| | ) | |
| VILLAGE OF SCHAUMBURG, et al. | ) | Judge Robert M. Dow, Jr., |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Dexter Saffold ("Plaintiff"), filed a six-count *pro se* complaint [64] against Defendants, the Village of Schaumburg ("the Village"), Schaumburg Police Officer Kurt Metzger ("Metzger"), Schaumburg Police Officer Gregory Klebba ("Klebba"), the City of Chicago ("the City"), Chicago Police Officer Jonathan Martinez ("Martinez"), Chicago Police Officer Badriyyah Fateen ("Fateen"), and Verizon Wireless of employees Diane Wilson ("Wilson"), Peter Austin ("Austin"), Lowell McAdam ("McAdam") alleging violations of the Fourth and Fourteenth Amendments and state law, and seeking damages pursuant to 42 U.S.C. §§ 1983 and 1988.

Currently before the Court is Defendants Wilson, Austin, and McAdam's ("the Verizon Defendants") motion for summary judgment [93]. For the reasons stated below, Defendants' motion for summary judgment is granted.[1]

---

[1] After the filing of Defendants' motion for summary judgment, the Court referred this matter to Magistrate Judge Schenkier for discovery motions and supervision [see 100, 104] with an eye toward ensuring that Plaintiff had access to any discovery the he needed to respond to Defendants' motions. On January 14, 2010, Judge Schenkier entered a minute entry [109] reporting that after the status hearing on that date Plaintiff and the Verizon Defendants reached a settlement agreement. However, in a brief filed on February 19, 2010, Plaintiff repudiated that settlement. [See 111, at 1.] The Verizon Defendants did not move to enforce the settlement; rather, on March 8, 2010, they filed a reply brief [114] in support of

## I. Background

On motions for summary judgment, the Court takes the relevant facts primarily from the parties' Local Rule ("L.R.") 56.1 statements.[2] Here, the Verizon Defendants filed a Local Rule 56.1(a)(3) statement of material facts ("Def. SOF") [94] with their motion for summary judgment. The Verizon Defendants also served on Plaintiff and filed the Notice to Pro Se Litigant Opposing Motion for Summary Judgment [95], as required by Local Rule 56.2. Plaintiff failed to submit responses to Defendants' statement of facts as required by L.R. 56.1(b)(3), despite repeated reminders from the Court of his obligation to do so [71, 76, 99, 110].[3]

---

their motion for summary judgment. In view of the parties' mutual intent to proceed to a litigated outcome in lieu of settlement, the Court will decide the summary judgment motion on the merits.

[2] L.R. 56.1 requires that statements of facts contain allegations of material fact and that factual allegations be supported by admissible record evidence. See L.R. 56.1; *Malec v. Sanford,* 191 F.R.D. 581, 583-85 (N.D. Ill. 2000). The Seventh Circuit repeatedly has confirmed that a district court has broad discretion to require strict compliance with L.R. 56.1. See*, e.g., Koszola v. Bd. of Educ. of the City of Chicago,* 385 F.3d 1104, 1109 (7th Cir. 2004); *Curran v. Kwon,* 153 F.3d 481, 486 (7th Cir. 1998) (citing *Midwest Imports, Ltd. v. Coval,* 71 F.3d 1311, 1317 (7th Cir. 1995) (collecting cases)). Where a party has offered a legal conclusion or a statement of fact without offering proper evidentiary support, the Court will not consider that statement. See*, e.g., Malec,* 191 F.R.D. at 583. Additionally, where a party improperly denies a statement of fact by failing to provide adequate or proper record support for the denial, the Court deems that statement of fact to be admitted. See L.R. 56.1(a), 56.1(b)(3)(B); see also *Malec,* 191 F.R.D. at 584. The requirements for a response under Local Rule 56.1 are "not satisfied by evasive denials that do not fairly meet the substance of the material facts asserted." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 528 (7th Cir. 2000). In addition, the Court disregards any additional statements of fact contained in a party's response brief but not in its L.R. 56.1(b)(3)(B) statement of additional facts. See*, e.g.*, *Malec*, 191 F.R.D. at 584 (citing *Midwest Imports*, 71 F.3d at 1317). Similarly, the Court disregards a denial that, although supported by admissible record evidence, does more than negate its opponent's fact statement – that is, it is improper for a party to smuggle new facts into its response to a party's L.R. 56.1 statement of fact. See, *e.g.*, *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 643 (7th Cir. 2008).

[3] Plaintiff filed a document entitled "Plaintiff's Briefs" [111], which contains some statements of fact regarding Defendant Wilson. It is not clear whether Plaintiff intended the document, which does not respond to the Verizon Defendants' statements of fact or otherwise comply with L.R. 56.1(b)(3), to serve as a statement of additional material facts. Even construing it as such, the Court nevertheless must disregard most of the statements, as Plaintiff points to no supporting record evidence. One statement – that Verizon sent Plaintiff a letter stating that Plaintiff was not responsible for a particular cell phone account – is adequately supported, as Plaintiff has submitted a copy of that letter. However, the Court finds that whether Plaintiff in fact made the allegedly threatening phone calls is not material to Plaintiff's false arrest claims. On a claim for false arrest, the question is not whether the plaintiff in fact committed

Pursuant to Local Rule 56.1, facts included in a party's Local Rule 56.1 statement that are not properly denied by the opposing party are deemed to be admitted. L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); *Cracco v. Vitran Exp., Inc.,* 559 F.3d 625, 632 (7th Cir. 2009) (district court has discretion to require strict compliance with L.R. 56.1). Even *pro se* litigants are required to follow the Federal Rules of Civil Procedure and the Local Rules; therefore, Plaintiff is not excused from complying with L.R. 56.1(b)(3). See *Pearle Vision, Inc. v. Romm,* 541 F.3d 751, 758 (7th Cir. 2008) ("pro se litigants are not excused from compliance with procedural rules"); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) (stating that "the Supreme Court has made clear that even *pro se* litigants must follow rules of civil procedure"); *Walridge v. Am. Hoechst Corp.*, 24 F.3d 918, 924 (7th Cir. 1994) (failure to comply with L.R. 56.1 is "not a harmless technicality"). Because Plaintiff failed to deny Defendants' statement of facts, the Court deems admitted all of Defendants' factual allegations that are properly supported by admissible record evidence. See *Malec v. Sanford,* 191 F.R.D. 581, 583 (N.D. Ill. 2000) ("Factual allegations not properly supported by citation to the record are nullities."); *Cady*, 467 F.3d at 1061 (finding that a district court did not abuse its discretion by adopting the version of events in defendants' L.R. 56.1 statement where the *pro se* plaintiff failed to respond to those facts despite the opportunity to do so); *McIntosh v. Illinois Dept. of Employment Sec.*, 2007 WL 1958577, at *5 (N.D. Ill. July 2, 2007) (deeming all facts in defendant's Rule 56.1 statement admitted where *pro se* plaintiff failed to respond to defendant's statement); *Othon v. LG Electronics USA, Inc.*, 2009 WL 1748243, at *2 (N.D. Ill. June 18,

---

the crime for which he was arrested, but whether officers had probable cause to arrest him for that crime at the time for the arrest. See *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979) ("The validity of the arrest does not depend on whether the suspect actually committed a crime; the mere fact that the suspect is later acquitted of the offense for which he is arrested is irrelevant to the validity of the arrest.").

2009) (where *pro se* plaintiff failed to comply with Local Rule 56.1, deeming "the properly supported facts contained in [defendant's] Local Rule 56.1 statement of facts * * * to be admitted"). Therefore, the factual background set forth below is based on the Verizon Defendants' 56.1 statement.

Defendants Austin, Wilson, and McAdam are employed by Cellco Partnership d/b/a Verizon Wireless ("Verizon"). Def. SOF ¶ 3. On November 1, 2006, Schaumburg Police Officer Maguire was dispatched to a Verizon Wireless location in Schaumburg, IL to respond to a report of a harassing telephone call. Village SOF at ¶ 5.[4] According to Officer Maguire's case report, Verizon Wireless manager Peter Austin reported that at approximately 10:50 a.m. on November 1st, a customer who identified himself as Dexter Saffold called the Verizon Wireless location in Schaumburg regarding the outstanding balance on his cell phone account. Village SOF at ¶ 5. The report provided that, according to Austin, Saffold spoke to Verizon Financial Services Representative Luis Castillo, and told Mr. Castillo "I have a bomb and I'm going to blow up the place." *Id.* Austin further reported that a Verizon Wireless location in Dublin, Ohio had received a threatening phone call from a Dexter Saffold at 11:11 a.m. on November 1st, in which Saffold threatened to pay his outstanding balance with a gun at the Verizon store. *Id.* The second call was recorded. *Id.*

On November 3, 2006, Schaumburg Police Officer Palacios responded to a call regarding a harassing telephone call reported by Verizon Wireless Corporate Security Manager Diane Wilson. Village SOF at ¶ 6. Officer Palacios' report indicates that on November 2, 2006,

---

[4] On February 13, 2009, the Village, Metzger, and Klebba (collectively the "Village Defendants") filed a motion for summary judgment [67] and a Local Rule 56.1(a)(3) statement of material facts ("Village SOF") [69]. In their L.R. 56.1 statement, the Verizon Defendants incorporate by reference the Village Defendants' 56.1 statement.

Wilson received a threatening voicemail message from a customer who identified himself as Dexter Saffold, in which the caller threatened to follow Wilson home and shoot her. *Id.*

Defendant Metzger, a detective with the Schaumburg Police Department, was assigned to conduct a follow up investigation of both threatening phone call reports. Village SOF at ¶¶ 2, 3. On the evening of November 3, 2006, Metzger spoke with Wilson, who confirmed that a man identifying himself as Dexter Saffold had threatened Verizon service representatives over the phone, and had left a threatening message on her voicemail. Village SOF at ¶ 7. The following day, Wilson delivered two audio recordings to the Schaumburg Police Department – one of the November 1st call to the Verizon Wireless location in Dublin, Ohio, and a second of the November 2nd message left on Wilson's voicemail. Village SOF at ¶¶ 7, 10, 11. Metzger listened to the recordings at approximately 2 p.m. on November 6, 2006. Village SOF at ¶ 9. In the first recording, a man who identified himself as Dexter Saffold threatened to pay his account with a gun in hand at a Verizon store. Village SOF at ¶ 10. In the second recording, Saffold called Wilson a "dumb bitch" and threatened to follow her home and shoot her. Village SOF at ¶ 11.

Later on the afternoon of November 6th, Metzger and Defendant Klebba, also a detective with the Schaumburg Police Department, went to locate Saffold at 7947 S. Marquette Ave. Village SOF at ¶¶ 2, 12, 15. At approximately 5 p.m., Metzger and Klebba arrived in the area of 79th and Marquette Ave. in Chicago, and contacted the Chicago Police Department for assistance. Village SOF at ¶ 13. Chicago Police Officers Martinez and Fateen responded, and Metzger briefed them on the investigation. Village SOF at ¶ 14. The officers then proceeded to Saffold's residence, where Metzger knocked on the door and identified himself as a police officer. Village SOF at ¶¶ 15-16. A male voice responded, asking what they wanted and

5

whether they had a warrant. Village SOF at ¶ 16. Metzger stated that they had probable cause to arrest him. Village SOF at ¶ 17. Saffold then opened the door and, at the threshold, complied with the officers verbal commands to place his hands behind his back. Village SOF at ¶ 18.[5] Metzger advised Saffold that he was under arrest, and was going to be transported to the Schaumburg Police Department. Village SOF at ¶ 19. After collecting various medications and other items Saffold wanted to take with him, the officers transported Saffold to the Schaumburg detention facility. Village SOF at ¶¶ 20-22. Saffold was charged with two counts of harassment by telephone, to which he pled guilty on December 19, 2008. Village SOF at ¶¶ 23-24.

The claims against the Verizon Defendants are set forth in Counts 5 and 6 of the complaint. Count 5 asserts a Section 1983 claim for false arrest against Wilson, alleging that she participated in violating Plaintiff's Fourth Amendment rights by falsely reporting to police that he had made threatening phone calls to her. Count 6 asserts a nearly identical claim against Austin, also based on his statements to police regarding threatening phone calls received from an individual named Dexter Saffold. None of the counts are nominally directed against McAdam. In fact, although McAdam is identified as a defendant in the case caption, the body of the complaint is entirely silent as to McAdam, and consequently suggests no predicate for a claim him. In light of the complete lack of any substantive allegations regarding McAdam, he is stricken as a defendant.

## II.    Legal Standard on Summary Judgment

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[5] The Court notes that in his complaint, Plaintiff alleges that one of the officers slammed him up against the wall and handcuffed him. Cmplt. at p. 3, ¶ 2. That allegation is not inconsistent with the Village Defendants' version of the events, and Plaintiff's complaint does not include a claim for excessive force in any event.

6

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether there is a genuine issue of fact, the Court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004).

To avoid summary judgment, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In other words, the "mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

### III. Analysis

In Counts 5 and 6, Plaintiff claims that Wilson and Austin acted in concert with the officers to arrest Plaintiff without probable cause in violation of his Fourth Amendment rights. While Section 1983 usually is used against public officers, private actors who conspire or act in concert with public officers to deprive a plaintiff of their civil rights also can be held liable under Section 1983. *Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003). "In order to establish a

conspiracy, the plaintiff must demonstrate that the state officials and the private party somehow reached an understanding to deny the plaintiffs their constitutional rights." *Moore v. Marketplace Restaurant, In*c., 754 F.2d 1336, 1352 (7th Cir. 1985).

The Court has concluded, in its previous opinion [81] granting summary judgment in favor of the Village Defendants and in a separate opinion issued today granting summary judgment in favor of Defendants Martinez and Fateen, that Plaintiff's arrest did not violate his Fourth Amendment rights. Having found that no constitutional violation occurred, the Court has no basis for holding Wilson and Austin liable under Section 1983. See *Kelley v. Myler*, 149 F.3d 641, 648 (7th Cir. 1998) ("To state a § 1983 claim against an individual, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a person acting under color of state law"); *Moore*, 754 F.2d at 1352 ("in order to maintain a 1983 action it * * * must be demonstrated that a constitutional right was violated"). Therefore, Wilson and Austin are entitled to summary judgment in their favor on Plaintiff's claims against them.

In addition, even if Plaintiff had established a constitutional violation by the officers, he could not establish a conspiracy between Wilson and Austin and the officers. Plaintiff alleges that Wilson and Austin contacted the police and provided them with "false, incomplete, or misleading information," which ultimately led to his arrest. But the Seventh Circuit has held neither calling the police to report a crime, nor providing false information to an arresting officer is sufficient to create conspiracy liability under Section 1983. See *Pepper v. Village of Oak Park*, 430 F.3d 805, 811 (7th Cir. 2005) ("Merely calling police to the scene of possible violence does not create a conspiracy" with the officers); *Moore*, 754 F.2d at 1352 ("providing false

information to an arresting officer is not, by itself, sufficient to state a claim against that private party under § 1983").

## IV. Conclusion

For the foregoing reasons, the Verizon Defendants' motion for summary judgment [93] is granted.

Dated: April 30, 2010

Robert M. Dow, Jr.
United States District Judge